# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS, | Cause No. CV-21-24-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, MONTANA ATTORNEY GENERAL, LEWIS AND CLARK COUNTY, | |
| Respondents. | |

Plaintiff Duane Ronald Belanus ("Belanus") filed a proposed Complaint on March 24, 2021, alleging numerous constitutional violations arising from his state court proceedings.[1]

## I.    Background

Belanus is currently incarcerated at the Montana State Prison,[2] he has an active federal habeas petition pending under 28 U.S.C. § 2254,[3] and has been designated a vexatious litigant by the Montana First Judicial District Court and the Montana Supreme Court.[4]

---

[1] *See generally* Doc. 1.
[2] Doc. 1 at 3.
[3] *See Belanus v. Kirkegard, et al.*, Cause No. CV-16-104-H-DLC-JTJ, Pet. (filed Nov. 18, 2016).
[4] *Belanus v. Kirkegard, et al.*, Cause No. CV-16-104-H-DLC-JTJ, Or. at 7 (filed July 8, 2021).

## II. Discussion

The Court has conducted the required preliminary screening;[5] has determined that Belanus's efforts constitute a de facto appeal and request for review of the outcomes of previous state court proceedings, whether made by the Montana First Judicial District Court, the Montana Supreme Court, or the Sentence Review Division of the Montana Supreme Court; and that the appeal and review sought are jurisdictionally barred by the *Rooker-Feldman* doctrine.[6]

For Belanus to challenge potential procedural hurdles that may arise in his pending Habeas case or any determination as to whether he is entitled to relief, he must do so in a separate proceeding. He may not rely on the Complaint filed in this case.

---

[5] *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 1915A(b)(1), (2).

[6] Under the *Rooker-Feldman* doctrine, "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)); *see also Kougasian v. TMSL, Inc.*, 359 F. 3d 1136, 1139 (9th Cir. 2004). *Rooker-Feldman* also applies to Belanus's challenge to the state courts' orders designating him a vexatious litigant. *See, e.g., Bashkin v. Hickman*, 411 F. App'x 998, 999 (9th Cir. 2011) (finding the *Rooker-Feldman* barred Bashkin's challenge to the state vexatious litigant order and any other state court orders and judgments, because the action constituted a "forbidden de facto appeal" of state court judgments and raised constitutional claims that were "inextricably intertwined" with the prior state court judgments); *see also Earls v. Cantil-Sakauye*, 745 F. App'x 696, 697 (9th Cir. 2018).

**ORDERED:**

1. This matter is DISMISSED with prejudice for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 9th day of September, 2021.

*Sam E. Haddon*
Sam E. Haddon
United States District Judge